HANNAH NIRDLINGER and Others, Plaintiffs, *v.* MEYER A. BERNHEIMER and Others, Respondents; AUGUSTA NIRDLINGER and Others, Appellants.

*Partnership — one partner not bound to show affirmatively that his purchase of the interest of his co-partner was fair.*

One partner cannot take any secret or unlawful advantage of his fellows, but in his dealings with them in reference to co-partnership property there is no presumption of fraud, and he is not compelled, in order to sustain a transaction, to show affirmatively that it is just and fair, as is the rule in the case of a trustee and a *cestui que trust.*

One partner has the right to buy out the interest of his co-partner in a joint enterprise, and, unless he misleads or deceives him in some way, the fact that he has made a good bargain will not avoid the transaction.

APPEAL by the defendants, Augusta Nirdlinger and others, from so much of a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 12th day of October, 1894, as confirms the report of a referee.

Also from so much of said judgment as overrules, as to the defendants, the widow, heirs and administrator of Jacob Nirdlinger, the objections made by said widow and heirs, by their attorney, to the accounting of Isaac Bernheimer, and the supplemental account of the defendants, his executors.

Also from so much of said judgment as passes, confirms and

proves the said account and supplemental account, as filed with the said referee, as to the said defendants, the widow, heirs and administrator of Jacob Nirdlinger, deceased.

Also from the following portion of said judgment, and each and every part of said portion :

" *Third.* That the sale and assignment by the said Jacob Nirdlinger to the said Isaac Bernheimer of the one undivided half of the said Jacob's interest by contract, under seal, on the 9th day of June, 1887, and his deed to said Bernheimer dated the 27th day of July, 1887, and his release in said contract and assignment of all claims and demands against said Bernheimer growing out of said Jacob's interest aforesaid, were made and delivered for a good, valuable and sufficient consideration, without fraud, misrepresentation or deceit, and are valid and effective for the purposes in said instruments stated, and the defendants, the widow, heirs and administrator of Jacob Nirdlinger, are bound and estopped by said contract and deed."

Also from so much of said judgment as adjudges that the defendants, the executors and heirs of Isaac Bernheimer, have no power or right to partition the lands in controversy, nor could any such partition, by their action, be now validly executed.

Also from the following portions of said judgment, and each and every part of said portions :

" *Tenth.* That all charges and allegations of fraud, deceit, conspiracy, conversion and wrongdoing made by the  *  *  *  heirs and widow of Jacob Nirdlinger, deceased, as set forth and alleged in the pleadings and in the notice and demand of rescission delivered to said Bernheimer on or about the 25th day of January, 1892, by the administrator, widow and heirs of said Jacob Nirdlinger, touching the said contract and deed referred to in the third clause hereof, and touching the so-called Dawson sale, and the sale of the so-called Prairie farm, and all allegations attacking or impeaching the agency and trust reposed in said Bernheimer in the said joint interest and venture and the management thereof mentioned in the pleadings, are adjudged to be unfounded and untrue.

" *Eleventh.* That the supplemental answer of the defendants, the heirs and widow of Jacob Nirdlinger, deceased, served upon Isaac Bernheimer, deceased, in pursuance of the order of this court made

on or about the 20th day of February, .1893, be, and the same is, dismissed upon the merits, as to the defendants, the executors and heirs of Isaac Bernheimer, and the issues raised by the said answer are adjudged and determined against the defendants, the widow, heirs and administrator of Jacob Nirdlinger."

Also from so much of said judgment as adjudges that the defendants, the executors and heirs of Isaac Bernheimer, recover against the defendants, the widow, heirs and administrator of Jacob Nirdlinger, their costs and allowances, and orders and directs the executors of the last will and testament of Isaac Bernheimer, deceased, to reserve and repay themselves out of the fund of $7,801.28, the sum of $1,500, the amount of the referee's fees paid by them herein to take up the report of the referee, and to pay to their attorney George H. Yeaman, $498.10, his taxed costs herein, and $1,000 additional allowance made him herein by the court, amounting in all to the sum of $1,498.10.

Also from so much of said judgment as adjudges that upon payment of the sums specified in said judgment, including said sums of $1,500 and $1,498.10, the defendants, the executors of the last will and testament of Isaac Bernheimer, deceased, and his heirs, are and shall be acquitted and discharged of and from all liability, obligation and responsibility to the defendants, the widow, heirs and administrator of Jacob Nirdlinger, deceased, for or on account of said sum of $7,801.28, and of all matters and things in the pleadings mentioned, and in said account and supplemental account stated, except as specified in the conclusion of said judgment, with notice of an intention to bring up for review upon such appeal an order made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of September, 1894, granting an additional allowance of costs to the attorney for the defendants, the executors of Isaac Bernheimer, deceased, payable out of the fund found and stated by the referee to be in the hands of the said defendants, and ordering that the defendants, the executors of Isaac Bernheimer, deceased, retain to themselves out of said fund the sum of $1,500, the amount of the referee's fees paid by them to take up his report herein, and that the final judgment to be entered in the action should provide for such payments out of said fund.

*James W. Hawes* and *L. M. Ninde,* for the appellants.

*George H. Yeaman,* for the respondents.

VAN BRUNT, P. J. :

Prior to December, 1855, Mayer Arnold, the firm of Bernheimer Bros., composed of Isaac Bernheimer, Herman Bernheimer and Simon Bernheimer, and the firm of Arnold, Nusbaum & Nirdlinger, composed of Simon W. Arnold, Ernst Nusbaum and Jacob Nirdlinger, purchased certain lands in Minnesota, the said Mayer Arnold and the said two firms having a one-third interest each in the enterprise. The title was taken partly in the name of Isaac Bernheimer, partly in the name of Simon W. Arnold and partly in the joint names of the two. The title subsequently, and before the commencement of this action, became vested solely in Isaac Bernheimer.

On the 24th of December 1855, the parties interested in this enterprise entered into an agreement for the purpose of avoiding any doubts or uncertainties in regard to the rights of the several subscribers in the said lands and to make the same secure to all the subscribers, their heirs and assigns. In that agreement Isaac Bernheimer and Simon W. Arnold declared that they held the said lands and premises in trust for the purpose of superintending, managing, selling and conveying the same, and any part thereof, from time to time, and upon such terms as in their judgment should seem best; and for the purpose of collecting and receiving the rents and profits thereof, which they were to divide and pay over together with the proceeds arising from such sales among the several subscribers in the proportions mentioned; and also for the purpose of making partition and division of the said premises among the subscribers, and of granting and conveying by good and sufficient deed of conveyance the part or portion set off and allotted to each subscriber individually, their heirs and assigns, or otherwise, as might be agreed upon by the parties.

While Jacob Nirdlinger was a member of the firm of Arnold, Nusbaum & Nirdlinger at Philadelphia, Frederick Nirdlinger was a sub-partner with Jacob, but was not a member of the firm. On the 17th of January, 1859, the partnership between Jacob Nirdlinger and Frederick Nirdlinger was dissolved, and thereupon they executed an instrument in writing declaring that the said

FIRST DEPARTMENT, NOVEMBER TERM, 1895.    [Vol. 90.

Frederick Nirdlinger and the said Jacob Nirdlinger were equally interested in said Minnesota lands.

On the 1st of February, 1859, the parties to the instrument of the 24th of December, 1855, executed another instrument in respect to certain portions of their land, defining their interests, etc., therein. Frederick Nirdlinger died intestate in 1873 before the commencement of this action. In November, 1882, this action was commenced by the plaintiffs, as his heirs and widow, to establish their right in the lands in question. Isaac Bernheimer never seems to have been apprised of the interest of Frederick Nirdlinger in the portion which he supposed to belong to Jacob Nirdlinger, except just prior to the commencement of this action. In July, 1887, Jacob Nirdlinger and wife conveyed his interest in the lands in question to Isaac Bernheimer for the consideration of $9,000. On the 19th of November, 1889, judgment was rendered in this action holding that Frederick Nirdlinger had an interest in the property and assets, and that to ascertain what that interest was the plaintiffs had a right to an accounting as against Bernheimer. From that interlocutory judgment Bernheimer appealed to this court, where it was reversed. From such reversal the plaintiffs appealed to the Court of Appeals, and in April, 1892, the Court of Appeals reversed the judgment of the General Term, and sustained the referee.

Jacob Nirdlinger, one of the original defendants, died intestate on the 16th day of August, 1887, leaving him surviving the defendant Augusta Nirdlinger and eight children, his only next of kin and heirs at law, and the defendant Julius Heyn was thereafter appointed administrator of his estate by the Probate Court of Lucas county, Ohio, of which place the deceased was a resident at the time of his death, and thereafter ancillary letters upon such estate were granted to Heyn by the surrogate of the county of New York. Thereafter Augusta Nirdlinger and the eight children and Julius Heyn, as administrator of the estate of Jacob Nirdlinger, were made parties defendant to this action.

In February, 1893, the appellant Augusta Nirdlinger and others served a supplemental answer, claiming relief as against their co-defendant Isaac Bernheimer, the object of this answer being to set aside and vacate the deed of Jacob Nirdlinger to Isaac Bern-

heimer, and to hold him responsible for large sums of money alleged to have been realized from sales by him of the lands in question and converted to his own use, and for fraudulent concealment of the real amounts alleged to have been received by him. Bernheimer replied, and the issues raised by these pleadings as between the defendants were the main issues which were disposed of before the referee. Isaac Bernheimer having died, the action was revived as against Myer A. Bernheimer and two others, executors of his will, and against his next of kin, heirs at law, legatees and devisees, who were made parties defendant in his place.

The grounds upon which it was sought to set aside and vacate the deed from Jacob Nirdlinger to Isaac Bernheimer were, that it was obtained by fraud and that Jacob Nirdlinger was incapable of the transaction of business at the time of the making of the deed.

Upon the trial before the referee, of the issues raised by the supplemental answer, the same was dismissed upon the merits, and the issues raised by the said answer were adjudged and determined against the appellants, the widow and heirs and administrator of Jacob Nirdlinger. The referee also passed the accounts of Isaac Bernheimer and his executors. From the judgment entered on his report this appeal is taken.

The main question presented upon this appeal is as to the correctness of the referee's ruling in refusing to find the contract of sale and the deed of conveyance made by Jacob Nirdlinger to Isaac Bernheimer for one-half of his original interest in the money and lands belonging to said trust, to be fraudulent and procured by Bernheimer from Jacob Nirdlinger by fraudulent representations and concealment, and that the same were unfair, inequitable and unjust, and ought in equity to be set aside.

After an examination of the evidence pertinent to this issue contained in this voluminous record and a careful consideration of the arguments and briefs of counsel submitted upon the hearing of this appeal, we might very well rest our decision upon the grounds stated by the referee in his opinion. It seems to us that the whole structure which has been built up by the appellants rests upon a false assumption of the relations which existed between Jacob Nirdlinger and Isaac Bernheimer. They are likened to those existing between a trustee and *cestui que trust* strictly speaking. Upon an

First Department, November Term, 1895.        [Vol. 90.

examination of the relations of the parties to this enterprise, it will be seen that the sole relation which existed between them was that of partners in this real estate enterprise, and that the sole duty which each partner owed to the other was that of fair dealing. One partner could not take any secret or unlawful advantage of the situation to the detriment of the others. But in his dealings with the others in reference to the co-partnership property, there is no presumption of fraud, neither is he compelled to show affirmatively, in order to sustain the transaction, that it was just and fair as in the case of a trustee and a *cestui que trust*. One partner has the right to buy out the interest of his co-partner in the joint enterprise, and unless he misleads him or deceives him by some action upon his part, the fact that he has made a good bargain will not avoid the transaction. We think that when these principles are applied to the transaction between Jacob Nirdlinger and Isaac Bernheimer in regard to the purchase by Bernheimer of Nirdlinger's interest, there is no difficulty in coming to a conclusion. There is no evidence whatever of the suppression by Bernheimer of a single fact from the knowledge of Nirdlinger. He threw open his books to Nirdlinger and his agents, one of whom was an expert accountant. Nirdlinger had independent advice; he employed his own counsel. Bernheimer refused to fix a price, and refused to make any representation in regard to the lands, and it was only at Nirdlinger's repeated solicitations that Bernheimer finally made the purchase.

It is also to be observed that Nirdlinger made his own investigation in regard to the value of this land. It is true that it is claimed on the part of the appellants these investigations were originally made some time before the sale was actually completed, and that there had been a change in the condition of these lands during the intervening period. But he sought information again after the expiration of this time and before the transfer was made.

It is also claimed that prior to the transfer there were sales made of which Jacob Nirdlinger was ignorant. But these transactions were spread upon Bernheimer's books, and Nirdlinger's agent had access to these books and must have been aware of those sales. If Bernheimer was procuring a sale of these lands at a price so much below their value, why could not Nirdlinger have sold them to some one else? There was nothing in the way, if this was so desirable a

bargain and these lands were of such great value, to prevent him from finding other purchasers than Bernheimer.

It is sought to impeach this sale by expert testimony in regard to the value of these lands where the whole title could be acquired by the purchaser, which character of evidence is of but little weight in determining what was the value of a small undivided interest in those lands.

We might discuss in detail the evidence which has been offered, but it would serve no useful purpose. Upon this general question we can only state the impressions which the facts appearing upon the record have made upon our minds, and we can but repeat that Bernheimer owed no active duty to Nirdlinger, and that there is no presumption of fraud because of their relations. They were simply partners in this enterprise, and Bernheimer had as much right as any stranger to purchase from Nirdlinger his interest in the lands if the latter desired to sell it. There is no evidence to be found throughout this record that Bernheimer was anxious to purchase. It was Nirdlinger who was urging him to purchase, Bernheimer refusing to make any representations, and finally acceding to the reiterated urgent appeals upon the part of Nirdlinger that he should buy. We are not aware that, under such circumstances, a partner purchasing his associate's interest in the partnership stock can be branded with fraud.

Upon the question which is presented to us in respect to the accounts of Isaac Bernheimer and his executors, as passed by the referee, we see no reason to differ from the conclusion arrived at by him.

Upon the whole case we are of the opinion that the judgment appealed from should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.